IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BERNARDO DELEON, § | | |
| TDCJ-CID NO. 753350, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | | C.A. NO. C-05-253 |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutional Division, § | | |
|     Respondent. § | | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY**

This is a petition for writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. Pending is petitioner's motion for certificate of appealability ("COA"). (D.E. 26). For the reasons stated herein, it is respectfully recommended that the Court deny petitioner's motion.

## I. DISCUSSION

Petitioner filed a petition for habeas corpus with the Court on May 13, 2005. (D.E. 1). Respondent filed a motion to dismiss the petition for want of jurisdiction because petitioner had previously filed a federal writ of habeas corpus challenging the same conviction. (D.E. 15, at 1).

On November 22, 2005, a memorandum and recommendation was issued

that recommended the Court grant respondent's motion and deny petitioner's request for habeas relief. (D.E. 18). It further recommended that petitioner was not entitled to a COA because "reasonable jurists could not debate denial of petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed." Id. at 6-7 (citation omitted).

By Order and Final Judgment, entered December 29, 2005, the Court granted respondent's motion to dismiss petitioner's writ for want of jurisdiction. (D.E. 23, 24). The Court's Order sua sponte held that petitioner was not entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). On February 1, 2006, petitioner filed a notice of appeal from the final judgment, (D.E. 25), and a motion for a COA, (D.E. 26). Based on well-established Supreme Court precedents, petitioner has failed to establish that a COA is appropriate in his case. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

To the extent that petitioner's motion, (D.E. 26), is intended to be a request for a COA from this Court,[1] it is respectfully recommended that the Court deny his

---

[1] It is unclear whether petitioner intended to file this motion with the Fifth Circuit based on the language and style of the case included in the motion. (D.E. 26, at 1). He refers to himself as appellant, and his motion addresses "The Honorable Fifth Circuit Court of Appeals." Id.

request for a COA for the reasons set forth in its prior order. It is further respectfully recommended that petitioner be advised that he may request the issuance of a COA from a circuit court of appeals judge. See Fed. R. App. P. 22(b). If he does not make such a request for a COA, the notice of appeal shall be deemed to constitute a request addressed to the judges of the Fifth Circuit. Id.

## II.  RECOMMENDATION

It is respectfully recommended that petitioner's request for a COA be denied.

Respectfully submitted this 24th day of April 2006.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO THE PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).